IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARK REDDEN (Dallas Cty. Jail BookIn No. 17063252), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-2211-S-BN |
| OFFICER PENLAND, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Christopher Mark Redden, detained at the Dallas County jail since December of 2017, initially filed a *pro se* civil rights complaint against some 20 defendants concerning his arrest and ongoing state criminal prosecution (for felony DWI) and conditions at the jail. *See* Dkt. No. 3.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

After reviewing Redden's complaint, as amended by his September 18, 2018 response [Dkt. No. 8] to the Court's August 22, 2018 Notice of Deficiency and Order [Dkt. No. 6] (the "NOD"), the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should stay its consideration of certain claims but dismiss other claims without prejudice to Redden's refiling those claims in a separate action.

**Applicable Background**

Redden's complaint includes claims against numerous defendants, some of which are related only because they are being named as defendants in this action.

As the Court explained in the NOD,

> under [Federal Rule of Civil Procedure] 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).
>
> *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam).
> Further, to the extent that Redden asserts claims under 42 U.S.C. § 1983 that implicate his ongoing state criminal prosecution, *see State v. Redden*, No. F17-45666-M (194th Jud. Dist. Ct., Dallas Cty., Tex.), it is very likely this Court will stay its consideration of those claims.

Dkt. No. 6 at 1-2 (citation omitted).

Redden responded to the NOD by amending his claims to center them on his allegedly "unlawful arrest, search, seizure, and malicious prosecution in Richardson, Texas by Officer Penland (Badge # 1331)." Dkt. No. 7 at 1 (further alleging that "Officer Penland used excessive force in the course of committing his wrongful/unlawful arrest and/or false imprisonment" and that "Dallas County is liable

for false imprisonment").

His response to the NOD also includes a "conditions of confinement" claim against Dallas County and a claim related to the inadequacy of the law library at the jail. *Id.* at 1 & 3.

As of today, Redden's state criminal prosecution remains pending in the 194th Judicial District Court of Dallas County.

## Legal Standards and Analysis

I. Unlawful Arrest, Search, Seizure, Malicious Prosecution, Excessive Force, and False Imprisonment Claims

The Court should defer its consideration of the bulk of Redden's claims at this time, because considering those claims now would interfere with his ongoing state prosecution.

"Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But that provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger v. Harris*, 401 U.S. 37, 43-47 (1971)).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention "applies only to 'three "exceptional" categories' of state

proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions."'" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger,* 401 U.S. at 43-45; *see also Burton v. Procter & Gamble Co.*, No. 3:17-cv-1190-B-BN, 2018 WL 1115138 (N.D. Tex. Jan. 30, 2018) (noting *Younger*'s application to ongoing state proceedings to determine competency), *rec. accepted*, 2018 WL 1115363 (N.D. Tex. Feb. 27, 2018).

The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. Those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff

has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). And Redden has full opportunity to raise constitutional challenges in the ongoing state prosecutions, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his

federal claims in state court." (citing *Moore*, 442 U.S. at 425; emphasis in original)).

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court should therefore abstain from jurisdiction over most of Redden's claims. *See Gates*, 885 F.3d at 880-82 (finding that the district court properly stayed under *Younger* a Section 1983 suit raising claims of excessive force and bad-faith prosecution); *see also McCullough v. Crawford*, C.A. No. 2:09-2631-RBH, 2009 WL 4110316, at *4 (D.S.C. Nov. 25, 2009) ("Plaintiff should be able to vindicate his federal constitutional rights during his State criminal proceeding by presenting his evidence and argument that he was not resisting arrest, did not assault a police officer, and that the defendants created false charges against him to cover up their wrongful excessive force. Therefore, *Younger* abstention is appropriate in this case." (citation omitted)).

Faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears that the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

And, to the extent that Redden seeks damages, "*Younger* is not applicable to claims for damages." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*,

702 F. App'x 205, 209 (5th Cir. 2017) (per curiam) ("The abstention doctrine in *Younger* does not apply to a federal suit seeking only damages." (citing *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995))). But "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Boyd*, 575 F. App'x at 519 ("[T]he proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988))); *Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

II.     Conditions of Confinement and Law Library Claims

Related to this last point, the Court should not stay, under *Younger*, claims that are not cognizable. *See Boyd*, 575 F. App'x at 519-20 ("[T]his preference for a stay applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" (quoting *Deakins*, 484 U.S. at 204; citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted)).

The United States Court of Appeals for the Fifth Circuit interprets this limiting language from *Deakins* "to mean that a stay is not required where the district court determines that the claim ... is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (citations omitted).

A.   **Conditions of Confinement**

Redden's conditions-of-confinement claim as currently asserted against Dallas County qualifies as frivolous under that statute. *See* Dkt. Nos. 3 & 7.

"A municipality" – like Dallas County – "may be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted).

To assert liability under *Monell*, Redden must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also id.* ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" (quoting *Piotrowski*, 237 F.3d at 578)).

And, while Redden seems to recognize these legal requirements in his complaint, *see, e.g.,* Dkt. No. 3 at 34-36, because Redden fails to allege that his rights were violated under an official policy of Dallas County – by "plead[ing] *facts* sufficient to

show" that this claim has "substantive plausibility," *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); emphasis added) – he has not alleged a plausible claim against Dallas County.

### B.   Law Library

In his response to the NOD, Redden asserts that "another claim is either inadequate, or no time at all for the law library." Dkt. No. 7 at 3.

This claim – which as currently asserted also is frivolous – must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

To prevail on an access-to-the-courts claim, however, a prisoner must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). An injury can be shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356. Redden has not alleged facts from

which it may be inferred that he has a nonfrivolous legal claim that is civil in nature. And, because an inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney, *see Bounds*, 430 U.S. at 828, to the extent that his law-library claim concerns his ongoing state criminal prosecution, the appointment of counsel for Redden in that proceeding satisfies the constitutional requirements, *see id.* at 830-31; *Lewis*, 518 U.S. at 351-52.

### C. Leave to Amend

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

Here, because of the joinder issues previously explained to Redden, should the Court accept the recommendation that the majority of Redden's claims be stayed under *Younger* and that this action be administratively closed, he should be allowed to amend his conditions-of-confinement and law-library claims by filing a separate civil action.

### Recommendation

The Court should stay and administratively close this action as to all claims

-10-

presented except that Plaintiff Christopher Mark Redden's claims concerning conditions of confinement and the sufficiency of the jail law library should be dismissed without prejudice to his reasserting those claims in a separate civil action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE