IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER MARK REDDEN          §
(Dallas Cnty. Jail BookIn No. 17063252), §
                                 §
          Plaintiff,             §
                                 §
V.                               §          No. 3:18-cv-2211-S-BN
                                 §
OFFICER PENLAND, ET AL.,         §
                                 §
          Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Mark Redden, then-detained pretrial at the Dallas County jail, initially filed a *pro se* civil rights complaint against some 20 defendants concerning his arrest and then-ongoing state criminal prosecution (for felony DWI) and conditions at the jail. *See* Dkt. No. 3.

The resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

After reviewing Redden's complaint, as amended by his September 18, 2018 response [Dkt. No. 8] to the Court's August 22, 2018 Notice of Deficiency and Order [Dkt. No. 6] (the "NOD"), the undersigned entered findings of fact and conclusions of law recommending that the Court stay its consideration of certain claims (those related to his then-ongoing state criminal case) but dismiss other claims (those not related) without prejudice to Redden's refiling those claims in a separate action, *see* Dkt. No.

9 (the "Initial FCR").

Redden then filed an unauthorized amended complaint. *See* Dkt. No. 12 & 13; *see also* Dkt. No. 5, ¶ 5 ("No amendments or supplements to the complaint shall be filed without prior Court approval."). And the Court accepted the Initial FCR, *see* Dkt. No. 15, entering judgment staying and administratively closing this action "as to all claims except that Plaintiff Christopher Mark Redden's claims concerning conditions of confinement and the sufficiency of the jail law library are DISMISSED without prejudice to his reasserting those claims in a separate civil action," Dkt. No. 16.

The Court then denied Redden's first motion to reopen this proceeding. *See* Dkt. No. 19 ("Redden now moves to reopen this case, stating that he wishes to 'center the claims on [the named police officer defendant] for use of excessive force, malicious prosecution, unlawful arrest, no probable cause.' Dkt. No. 18. Because the criminal proceeding implicating these assertions remains pending, the motion is DENIED.").

Redden now moves again to reopen this case. *See* Dkt. No. 20.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to reopen this case and dismiss with prejudice all remaining claims currently before the Court – except Redden's claim for excessive force in violation of the Forth Amendment – to their being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (stating that, when *Heck* applies, "[a] preferred order of dismissal would read: Plaintiff['s] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are

met.").

**Applicable Background**

Redden's initial complaint included claims against numerous defendants, some of which are related only because they are being named as defendants in this action.

As the Court explained in the NOD,

> under [Federal Rule of Civil Procedure] 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).
>
> *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam).
> Further, to the extent that Redden asserts claims under 42 U.S.C. § 1983 that implicate his ongoing state criminal prosecution, *see State v. Redden*, No. F17-45666-M (194th Jud. Dist. Ct., Dallas Cnty., Tex.), it is very likely this Court will stay its consideration of those claims.

Dkt. No. 6 at 1-2 (citation omitted).

Redden responded to the NOD by amending his claims to center them on his allegedly "unlawful arrest, search, seizure, and malicious prosecution in Richardson, Texas by Officer Penland (Badge # 1331)." Dkt. No. 7 at 1 (further alleging that "Officer Penland used excessive force in the course of committing his

wrongful/unlawful arrest and/or false imprisonment" and that "Dallas County is liable for false imprisonment").

His response to the NOD also includes a "conditions of confinement" claim against Dallas County and a claim related to the inadequacy of the law library at the jail. *Id.* at 1 & 3. And, in the Initial FCR, the undersigned observed that, while "the majority of Redden's claims [should] be stayed under *Younger[ v. Harris*, 401 U.S. 37, 43-47 (1971),] and that this action be administratively closed, he should be allowed to amend his conditions-of-confinement and law-library claims by filing a separate civil action," Dkt. No. 9 at 10. But, while simultaneously urging the Court to focus this action on claims related to his arrest and prosecution, Redden continues his attempt to pursue all his claims in this action.

For example, in the current motion to reopen, he states:

> please center the claims on Officer Penland as one, the City of Richardson, a municipal corporation as two, the County of Dallas, a municipal corporation as three. I cannot make it any clearer as to whom the defendants and their policy makers are and by whom they are trained but suffice it to stay, they are responsible. The claims regarding the sexual assault on me had nothing to do with my state court criminal proceedings, and should have been addressed because there is no place in state court proceedings where such a claim can be brought. In addition, the claim against the bookin officers responsible for the injury to my tailbone should have been addressed along with my being raped while incarcerated here when I was placed in a cell with known violent criminals.

Dkt. No. 20 at 2-3.

As the Court has attempted to explain to Redden, "[a] complaint against multiple defendants must allege claims that arise 'out of the same transaction,

occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants,' but [his complaint, as amended] allege[s] unrelated claims against different officials." *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam) (quoting FED. R. CIV. P. 20(a)); *see also Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at *22-*23 (M.D. Pa. Feb. 17, 2015) ("Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation.... In this case, it cannot be said from the amended complaint that these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences. Quite the contrary, these episodes appear to be separate transactions, allegedly committed by different actors at divergent times and places. '[G]iven the hodgepodge of claims raised in the ... complaint,' this Court may properly, in the exercise of its discretion, dismiss this amended complaint, and require Johnson to file separate complaints relating to what seem to be factually distinct claims." (quoting *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 77 (3d Cir. 2011) (per curiam))).

And, particularly in light of the PLRA, the Court should not condone Redden's "creative joinder of actions." *Tuft*, 397 F. App'x at 61; *cf. Smith*, 597 F. App'x at 1030 (one's "status as a pro se litigant [does] not relieve him of the obligation to comply with Rule 20(a)" (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

Regardless, while Redden remains free to bring other claims in separate actions,

this action still concerns just his "unlawful arrest, search, seizure, and malicious prosecution in Richardson, Texas by Officer Penland (Badge # 1331)." Dkt. No. 7 at 1 (further alleging that "Officer Penland used excessive force in the course of committing his wrongful/unlawful arrest and/or false imprisonment").

### Legal Standards and Analysis

In the current motion to reopen, Redden reports "that state court criminal proceedings have concluded temporarily." Dkt. No. 20 at 1. And records available online from Dallas County reflect that, on November 30, 2018, Redden pleaded guilty to driving while intoxicated on August 13, 2017, his third offense; that his driver license was suspended for 2 years; and that he was sentenced to 3 years of imprisonment. *See State v. Redden*, No. F17-45666-M (194th Jud. Dist. Ct., Dallas Cnty., Tex.). These records – and logic – further reflect that, at this point, Redden's conviction has neither been reversed on direct appeal nor expunged or otherwise declared invalid.

And claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation

omitted)). "The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

To succeed on most of the remaining claims in this action – "unlawful arrest, search, seizure, and malicious prosecution in Richardson, Texas by Officer Penland (Badge # 1331)" – the Court must find that Redden's felony DWI conviction is invalid. But Redden has not shown that his conviction has been reversed, expunged, or otherwise declared invalid or called into question. The record, in fact, supports the opposite conclusion. His current claims are therefore frivolous and barred by *Heck*.

As to Redden's claim that "Officer Penland used excessive force in the course of committing his wrongful/unlawful arrest and/or false imprisonment," *Heck* could bar some claims related to excessive force. For example, if a plaintiff "maintain[s] that he acted without fault throughout the entirety of his encounter with the police, his excessive force claim 'squarely challenge[s] the factual determination that underlies his conviction for resisting an officer and thus [is] barred by *Heck*." *Thomas v. Pohlmann*, 681 F. App'x 401, 407 (5th Cir. 2017) (per curiam) (quoting *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004) (per curiam); citing *Daigre v. City of Waveland*, 549 F. App'x 283, 286-87 (5th Cir. 2013) (per curiam); *DeLeon*, 488 F.3d at 656-57; *accord Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per

curiam) ("[A]ccepting the version of events alleged by Whatley, his § 1983 claims were necessarily inconsistent with his assault of a public servant convictions and thus are barred by *Heck*." (citing *DeLeon*, 488 F.3d at 656-57)).

But a claim that an arresting officer used excessive force does not necessarily challenge the factual determinations underlying a conviction for felony DWI.

Here, Redden alleges that someone, who failed to identify himself, "jumped [him] from behind" while he was retrieving his mail. Dkt. No. 3 at 9. According to Redden, the unidentified individual then pulled Redden's arms behind Redden and over his head. *See id.* As a result, Redden states, "my right shoulder/collar bone popped loudly and caused severe pain shooting all down my arm." *Id.* Redden then alleges that Officer Penland "pull[ed] on" his arms again. *Id.* For screening purposes, this version of events reflects that an unnamed officer – and possibly also Penland – used force in arresting Redden that caused Redden injury, and thus that force could have been unreasonable.

"To prevail on an excessive-force claim, a plaintiff must show '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Hanks v. Rogers*, 853 F.3d 738, 740 (5th Cir. 2017) (quoting *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016); brackets omitted); *accord Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).

> "Although a showing of significant injury is no longer required in the context of an excessive force claim, we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "[T]he 'injury must be more than a de minimis injury and

must be evaluated in the context in which the force was deployed.'" *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (quoting *Glenn*, 242 F.3d at 314).

*Pena-Ordonez v. City of Farmers Branch Police Dep't*, No. 3:13-cv-420-M-BN, 2013 WL 1187277, at *3 (N.D. Tex. Feb. 27, 2013), *rec. accepted*, 2013 WL 1189231 (N.D. Tex. Mar. 21, 2013); *see also Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) ("[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.' Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." (quoting *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996); footnotes omitted)).

Although Redden's version of his arrest is contradicted by the affidavit attached to the indictment in the state criminal case, that factual dispute – and thus whether the force used to arrest him was objectively reasonable – cannot be decided on the record now before the Court. Therefore, while all remaining claims other than for excessive force in violation of the Fourth Amendment should be dismissed as currently *Heck*-barred, this case should be allowed to proceed as to the excessive force claim against Officer Penland and a currently unnamed officer.

In sum, the Court should grant the motion to reopen, allow Redden's Fourth Amendment claim to proceed – referring that claim to the undersigned for further pretrial management under the standing order of reference – and dismiss the remaining claims with prejudice as barred by *Heck*.

## Recommendation

The Court should grant Plaintiff Christopher Mark Redden's motion to reopen this case [Dkt. No. 20] and dismiss with prejudice all remaining claims currently before the Court – except his claim for excessive force in violation of the Forth Amendment – to their being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE